## W. D. WENDT, Appellant, v. A. M. WALLER, Respondent.

(176 N. W. 930.)

**Schools and school districts — attack on title to office of county superintendent of schools is collateral attack on second-grade professional certificate.**

In a proceeding to determine the title to the office of county superintendent of schools, where it appears that the defendant, who had received a majority of the votes at the election, held a second-grade professional certificate required by § 1122, Compiled Laws of 1913, and where it is contended that the certificate could not have been legally issued as the defendant did not possess the necessary educational qualifications to entitle him thereto, it is *held:*

1. The legislature having imposed upon the superintendent of public instruction the duties of determining the existence of the necessary qualifications for a second-grade professional certificate and of revoking those improperly issued, a review of such determination by the court, except for fraud, or an original attempt to impeach a certificate in a judicial proceeding, involves a collateral attack on the certificate.

**Schools and school districts — second-grade professional certificate cannot be collaterally attacked.**

Following McDonald v. Nielson, 43 N. D. 346, a collateral attack on such a certificate is not permissible.

Opinion filed February 24, 1920.

Appeal from District Court of Ward County, *Leighton,* J.

Affirmed.

*Fisk & Murphy,* for appellant.

The statute not only provides for a term of two years for county superintendent, but for two years' additional time until a successor is elected and qualified. State v. Fabrick, 16 N. D. 94.

The incumbent of a public office, who has the right to hold over until his successor is elected and qualified, has such a special interest as enables him to maintain an action. Jenness v. Clark, 21 N. D. 150.

*Palda & Aaker,* for respondent.

"The law presumes that the officers did their duty in issuing a teacher's certificate." Kimball v. School Dist. 63 Pac. 213; Fitzgerald v. School Dist. 31 Pac. 427.

"Teacher's certificate of qualifications can only be attacked for fraud, and such fraud must be set forth." State ex rel. Lindburg v. Grosvenor, 27 N. W. 728; Blanchett v. School Dist. 20 Vt. 423; George v. West F. School Dist. 20 Vt. 495; Doyle v. School Dist. 36 Ill. App. 653; 35 Cyc. 1066, 1067, authorities cited.

BIRDZELL, J. This is a proceeding to determine the title to the office of county superintendent of schools in Ward county. From a judgment finding the defendant entitled to the office, the plaintiff appeals. The plaintiff was the incumbent of the office in 1918, and he and the defendant were candidates for election in the general election of that year. In the election the defendant received a majority of the votes, and on or about the 1st of January, 1919, he qualified for the office in the statutory manner and demanded possession. The plaintiff refused to relinquish possession, whereupon mandamus proceedings were begun in the district court, which resulted in installing the defendant in the office on his prima facie title evidenced by his certificate of election. Thereafter, this proceeding was instituted.

It is alleged that the defendant was not, at the time of the election nor subsequently, elegible to hold the office, for the following reasons: That he was not a graduate of a reputable normal school nor of any higher institution of learning; that the defendant does not lawfully hold a professional certificate of the second grade, as defined by statute; and that he has not had one year's successful teaching experience within the state of North Dakota. It is further alleged that if the defendant has a second-grade professional certificate it was issued to him fraudulently, as he does not possess the educational qualifications required by statute, and did not take an examination as a result of which he was found proficient in the prescribed subjects.

The only question presented, according to the appellant's contention, is whether or not the defendant had the qualifications to hold the office of county superintendent of schools at the time of the general election in 1918. Section 1122 of the Compiled Laws of 1913 prescribes the qualifications of the county superintendent as follows: "No person shall be deemed qualified for the office of county superintendent in any county, who is not a graduate of some reputable normal school or higher institution of learning, or who does not hold at least a second grade professional certificate, and who has not had at least two years success-

ful experience in teaching, one year of which shall have been within this state."

The defendant is not a graduate of a normal school or of a higher institution of learning; but it is admitted that he holds a professional certificate of the second grade, which was issued to him on July 17, 1915, and is good for a period of five years. It recites on its face that it is based upon work done at Iowa College, Grinnell, Iowa, an institution in which the defendant did about two years' work after leaving high school. Five years prior to the issuance of this second-grade professional certificate, a certificate of the first class was issued to the defendant, which appears to have been issued upon examination in certain subjects, the results of which appear upon the face of the certificate. We do not understand counsel to contend that either of the professional certificates have been fraudulently issued to the defendant, but it is argued that the facts with reference to the defendant's qualifications to receive the certificates show that they could not have been legally issued. Obviously, if this argument prevails, this court would be required to pass upon the qualifications of persons to receive the certificates designated in the statutes. The legislature, however, imposed this duty upon the state superintendent of public instruction, and, when that officer has determined the existence of the necessary qualifications to entitle one to a certificate, such determination cannot be reviewed by a judicial tribunal except for fraud. The statutes provide expressly for the revocation of certificates by the authority that issues them. Section 871, Rev. Codes 1905, as amended by chap. 104, Session Laws of 1907, and §§ 1374, 1375, Comp. Laws 1913. It does not appear that any attempt was ever made to obtain a cancelation or revocation of the certificates by the issuing authority. Neither does the certificate appear to be attacked on the ground of fraud in issuing it. We are of the opinion that the attempt to go back of the certificate of qualification given by the proper authority in this proceeding involves a collateral attack on the certificate, such as we have recently held (McDonald v. Nielsen, 43 N. D. 346, 175 N. W. 361) is not permissible.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and ROBINSON, BRONSON, and GRACE, JJ., concur.